UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HILL,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:16-CV-00114<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a civil action filed by *pro se* litigant, David Hill, appearing *in forma pauperis*. For the reasons provided herein, Plaintiff's complaint (Doc. 1), will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

The above-captioned action was initiated by the filing of a complaint in this matter by *pro se* Plaintiff David Hill on January 21, 2016. (Doc. 1). The complaint consists of a typed civil action template that names the Commonwealth of Pennsylvania and Dominic Pelino as defendants but contains only one factual allegation: that both defendants have "ignored" federal statute "42 USC 407 Section 207." It appears that Plaintiff may be challenging a state court proceeding, as he has checked the box on the civil cover sheet indicating that this case has been "removed from state court," and further notes in his complaint that he seeks to have "[t]he entire case overturned and dismissed." (Doc. 1, at 5).

### II. SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2).

In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When

ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, while a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "[p]*ro se* attorneys . . . typically cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Allegrino v. Conway E & S, Inc.,* No. 09–1507, 2010 WL 2035658, at *2 (W.D.Pa. May 18, 2010) (internal quotations omitted); *see also Heller v. Emanuel,* No. 07–1393, 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III. DISCUSSION**

    A. PLEADING DEFICIENCIES

As noted above, the Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis.* In conducting its statutorily mandated screening review of a complaint, the Court is enjoined to dismiss a complaint at any time if it is determined that the action fails to state a claim upon

which relief may be granted. With that benchmark legal standard in mind, the Court must dismiss this complaint, as it contains no factual allegations that would allow a reasonable inference of a cause of action to be drawn from it. Indeed, Plaintiff merely references 42 U.S.C. § 407, which states, in relevant part:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, as law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407.

To the extent the complaint premises Defendants' liability on a violation of this statute, the complaint's bare reference to this federal statute is not sufficient to show that Plaintiff has a viable claim for relief, as he does not associate a violation of this statute with any predicate factual allegations, but for his conclusion that Defendants "are ignoring the federal statute." (Doc. 1, at 4). The complaint is completely devoid of a "short and plain" statement of a cause of action and factual allegations of wrongdoing attributable to the above-captioned Defendants arising from this referenced federal statute. Moreover, the Court is unable to discern any harm Plaintiff has suffered as a result of any alleged wrongdoing. A well-pleaded complaint must contain more than mere labels and legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Indeed, a *pro se* plaintiff must state the conduct, place, and persons responsible for an alleged violation of a federal statute in order to give "fair notice of what [his] claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). As Plaintiff's complaint suffers from profound pleading deficiencies,

the Court must dismiss the complaint for failure to state a claim upon which relief can be granted.

### IV.  LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As such, it is recommended that Plaintiff be directed to file one amended complaint that is complete in all respects. An amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and should specify the claims Plaintiff wishes to bring, the defendants he seeks to assert each claim against, and specific facts that show each defendant's liability for each claim. *Boyd v. New Jersey Dep't of Corr.*, 583 F. App'x 30, 32 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 2374 (2015).

### V.  CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's complaint but grant Plaintiff thirty (30) days leave to amend his complaint.

BY THE COURT:

Dated: February 16, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**