UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HILL,<br><br>                    Plaintiff,<br><br>         v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 1:16-CV-00114<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**REPORT & RECOMMENDATION**

Presently before the Court is a filing submitted by *pro se* Plaintiff David Hill, construed by the Court as an amended complaint filed in accordance with the Memorandum and Order dated February 16, 2016 granting Plaintiff leave to amend concurrently with the dismissal of his original complaint. Having conducted its statutory screening review of the amended complaint, the Court respectfully recommends the amended complaint (Doc. 11) be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

The above-captioned civil action was initiated by the filing of a complaint in this matter on January 21, 2016 by *pro se* litigant, David Hill, appearing *in forma pauperis*. (Doc. 1). The complaint, consisting of a typed civil action template naming the Commonwealth of Pennsylvania and Dominic Pelino as Defendants, contained only one factual allegation: that both Defendants "ignored" 42 U.S.C. § 407. (Doc. 1, at 3). Upon conducting its initial statutorily mandated screening review of the complaint, the Court entered a Memorandum and Order on February 16, 2016, dismissing Hill's complaint for failure to state a claim upon which relief can be granted, but permitting Hill leave to amend within thirty (30) days following

dismissal of his complaint. (Doc. 7). On March 11, 2016, the Court received a letter from Hill, objecting to the Court's "dismissal" of his case and further remarking that the Commonwealth of Pennsylvania levied a fine against him in violation of the Social Security Act. (Doc. 9). As it was unclear whether Hill intended that letter to constitute his amended complaint or whether Hill merely misinterpreted the February 16, 2016 Memorandum and Order granting him leave to amend in conjunction with dismissing his complaint, the Court entered an Order on March 21, 2016 extending the deadline for him to file an amended complaint. (Doc. 10). On April 13, 2016, Hill filed a document entitled "Appeal." (Doc. 11). Through this most recent filing, Hill continues to advance an argument that the Commonwealth violated § 407 by imposing a fine against him. (Doc. 11, at 1). In support of this position, Hill cites *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973) as standing for the proposition that, because the language of the anti-assignment provision of the Social Security Act is all-inclusive, the fine levied against him does not effectuate the legislative purpose of § 407.[1]

      Cognizant of its obligation to liberally construe Hill's filings with all possible deference due to a *pro se* litigant, and it appearing to the Court that Hill intended for this "Appeal" to serve as an amended complaint in this matter, given that it was submitted within the time allotted for Hill to file an amended complaint, the Court has construed this document as an amended complaint and has undertaken screening of the pleading pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] In *Philpott v. Essex County Welfare Board*, the United States Supreme Court held that a petitioner's award of retroactive disability benefits could not be garnished by the state as reimbursement for receiving welfare, as § 407 "imposes a broad bar against the use of any legal process to reach all social security benefits." 409 U.S. at 417.

**II.  SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to

state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. PLEADING DEFICIENCIES

As noted above, the Court has an on-going statutory obligation to conduct a screening review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis.* In executing this screening function, the Court is enjoined to dismiss a complaint at any time if it is determined that the action fails to state a claim upon which relief may be granted. With that

benchmark legal standard in mind, the Court must dismiss this amended complaint for failure to meet the minimal notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Indeed, having reviewed the amended complaint, it is plainly evident that Hill has failed to correct the profound pleading deficiencies initially identified by the Court in its initial screening of Hill's complaint, thus warranting dismissal of this instant action.

Specifically, Hill premises Defendants' liability on a violation of 42 U.S.C. § 407, the provision of the Social Security Act that explicitly exempts Social Security benefits from execution, levy, attachment, garnishment or other legal process. This cause of action is entirely predicated on an unsupported accusation set forth in Hill's pleadings—that Defendants "levied a fee and fine . . . against me." (Doc. 11, at 1). The amended complaint's bare reference to this federal statute and mention of a nondescript fine far from satisfies Hill's obligation to provide non-conclusory, well-pled factual allegations that would raise his entitlement to relief beyond a speculative level. Indeed, aside from citing § 407 as a statutory basis for recovery, the amended complaint is completely devoid of any factual allegations of actionable misconduct attributable to the above-captioned Defendants that would allow for a reasonable inference of a viable cause of action to be drawn from it.

The Court previously advised Hill in its February 16, 2016 Memorandum and Order that a *pro se* plaintiff must state the conduct, place, and persons responsible for an alleged violation of a federal statute in order to give "fair notice of what [his] claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir.1978)). The Court further explained that while claims presented in a pleading need not be alleged with particularity, the pleading must

nevertheless recite enough factual matter to give rise to a facially plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Hill has failed to heed the Court's instructions. Accordingly, as the averments of the amended complaint are insufficient to support a claim against Defendants for violation of the Social Security Act, 42 U.S.C. § 407, the Court respectfully recommends dismissal of the amended complaint for failure to state a claim upon which relief can be granted.

### IV. LEAVE TO AMEND

The Third Circuit has acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (citing *Lake*, 232 F.3d at 373 ("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint.")). Here, this Court afforded Hill leave to amend his pleadings following dismissal of his complaint to properly state a claim for which relief can be granted, and outlined for Hill the liberal standards of notice pleading to which Hill would be required to conform. Despite the Court's alerting Hill to the deficiencies in his pleadings and granting him leave to amend, Hill failed to cure the pleading's deficiencies. Thus, the Court submits that the exercise of its discretion calls for denying Hill leave to file a third amended complaint. Accordingly, it is respectfully recommended that Hill not be granted any further leave to amend his complaint.

.

- 7 -

## V. RECOMMENDATION

Based upon the foregoing, the Court respectfully recommends that Plaintiff's amended complaint (Doc. 11) be **DISMISSED** and the case be closed.

**BY THE COURT:**

**Dated: June 20, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HILL, | |
| Plaintiff, | CIVIL ACTION NO. 1:16-CV-00114 |
| v. | (KANE, J.) |
| | (MEHALCHICK, M.J.) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 20, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 20, 2016**                                                        *s/ Karoline Mehalchick*
                                                                                                    **KAROLINE MEHALCHICK**
                                                                                                    **United States Magistrate Judge**